UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BR ARLINGTON BORROWER, LLC              CIVIL ACTION

VERSUS

                                                                                                 NO. 22-537-BAJ-SDJ

COTTAGE BUILDERS, INC. n/k/a
CBI CONSTRUCTION SERVICES

## ORDER

Before the Court is a Joint Motion to Stay Discovery (R. Doc. 24) filed by the Parties on October 28, 2022. In their Motion, the Parties seek a stay of discovery in this case until the Court has issued a ruling on Defendant's pending Motion for Summary Judgment.[1]

Rule 26(c) of the Federal Rules of Civil Procedure allows a court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted).

---

[1] R. Doc. 24 at 1.

Here, as represented by the Parties in a December 1, 2022, conference with the Court, resolution of the pending Motion for Summary Judgment filed by Defendant may result in this matter being dismissed in its entirety.[2] Having reviewed the record, and taking into account the representations of the Parties, the Court finds good cause to stay discovery in this matter. *See Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F.App'x 866, 870 (5th Cir. 2010) (affirming stay of discovery pending resolution of motion for summary judgment and noting that "where discovery would not be useful to the resolution of a pending summary judgment motion presenting a question of law, it is not an abuse of discretion to grant such a motion [to stay]" ); *Lowell v. Ard*, No. 17-187, 2019 WL 1104169, at *2 (M.D. La. Mar. 8, 2019) (granting stay of expert discovery pending resolution of motions for summary judgment); *Fed. Ins. Co. v. New Hampshire Ins. Co.*, No. 03-385, 2010 WL 1757932, at *3 (M.D. La. Apr. 30, 2010) (granting temporary stay of discovery pending resolution of motion for summary judgment where summary judgment motion "could potentially dispose of the entire case without the necessity of the [requested] discovery").

Accordingly,

**IT IS ORDERED** that the Parties' Joint Motion to Stay Discovery (R. Doc. 24) is **GRANTED**, and discovery is **STAYED** until resolution of the pending Motion for Summary Judgment filed by Defendant.

---

[2] *See* R. Doc. 25.

**IT IS FURTHER ORDERED** that **within 14 days** of a ruling by the District Judge on Defendant's pending Motion for Summary Judgment (R. Doc. 14), the Parties are to submit a joint status report, as instructed in the Scheduling Conference Order (R. Doc. 10), if any claims remain.

Signed in Baton Rouge, Louisiana, on January 19, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**